UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-205 |
| PERRY WILSON | SECTION: "E" (2) |

ORDER AND REASONS

This is criminal action charging twelve defendants with violations of the Racketeer Influenced Corruption Organization Act ("RICO"),[1] the Violent Crimes in Aid of Racketeering Act ("VICAR"),[2] the Federal Controlled Substances Act ("FCS"),[3] and the Federal Gun Control Act ("FGC").[4]  One of the named defendants—Perry Wilson ("Wilson")—moves to quash the indictment on double jeopardy grounds.[5]  The questioned presented is whether Wilson's prior guilty pleas in state court prohibit the filing of charges in federal court.  As explained more fully below, the answer is no for two reasons.  First, prosecution in federal court is proper under the dual sovereignty doctrine.  Second, the elements of Wilson's federal offenses differ from the elements of his state offenses.

---

[1] 18 U.S.C. § 1961 *et seq.*
[2] 18 U.S.C. § 1959.
[3] 21 U.S.C. § 841 *et seq.*
[4] 18 U.S.C. § 921 *et seq.*
[5] R. Doc. 201.  Wilson's motion is a gaunt, two-page document utterly devoid of legal citation or coherent legal argument.  The Court can only speculate that Wilson attempts to invoke the double jeopardy protections of the Fifth Amendment.  To the extent Wilson argues the charges against him are inconsistent with the Justice Department's *Petite* policy, that argument is easily dismissed for two reasons.  First, the policy does not apply where, as here, the indictment charges a conspiracy(ies) that "do[es] not represent substantially the whole of the . . . federal charge[s]."  *See United States Attorneys' Manual* 9-2.0301(B), http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/2mcrm.htm.  The majority of the charges in the indictment relate to Count 1—a RICO conspiracy in which Wilson is not a named defendant.  Second, and more importantly, "[c]ourts have consistently held that the *Petite* policy is an internal rule of the Justice Department; criminal defendants may not invoke it to bar prosecution by the federal government."  *United States v. Harrison*, 918 F.2d 469, 475 (5th Cir. 1990).

1

## BACKGROUND

Over the past three years, Wilson has pleaded guilty to several offenses in state court, to wit: possession of marijuana (twice), resisting an officer (twice), illegal use of a weapon, illegal carrying of a weapon, and possession of an unidentifiable firearm.[6] The indictment in this Court charges Wilson and eleven others with (1) conspiracy to distribute and possess with the intent to distribute crack cocaine, heroin, and marijuana, and (2) conspiracy to possess and use firearms in furtherance of the drug conspiracy.

## LEGAL STANDARD

The Double Jeopardy Clause of the Fifth Amendment prohibits successive prosecutions for the same offense after conviction.[7] The defendant bears the initial burden of establishing a *prima facie* claim of double jeopardy.[8] If the defendant carries that burden, the government must demonstrate by a preponderance of the evidence the crime charged is separate from the crime to which jeopardy has already attached.[9]

## LAW AND ANALYSIS

It is well established that the proscription against double jeopardy does not apply to prosecutions by separate sovereigns,[10] unless the defendant can establish that "prosecution by one sovereign is used as a tool for successive prosecution by another sovereign."[11] The State of Louisiana is a separate sovereign from the Federal

---

[6] *See* R. Doc. 201-5.
[7] *United States v. Jones*, 733 F.3d 574, 580 (5th Cir. 2013).
[8] *United States v. Njoku*, 737 F.3d 55, 69 (5th Cir. 2013).
[9] *United States v. Tovar*, 719 F.3d 376. 382 (5th Cir. 2013).
[10] *See United States v. Villanueva*, 40 F.3d 193, 201 (5th Cir. 2005) ("The Double Jeopardy Clause only bars successive prosecutions by the same sovereign."); *United States v. Moore*, 958 F.2d 646, 650 (5th Cir. 1992) ("It is well-established that a double jeopardy claim cannot be raised when an individual is prosecuted for the same act that violates the laws of dual sovereigns.").
[11] *United States v. Sollis*, 299 F.3d 420, 435 (5th Cir. 2002) (internal quotation marks omitted)

Government for purposes of double jeopardy.[12]  Accordingly, the Double Jeopardy Clause presents no barrier to prosecution in federal court absent evidence of collusion between federal and state law enforcement officials.[13]  Wilson has presented no such evidence in this case.

But even if he had, Wilson's motion would fail on the merits. Double jeopardy claims are evaluated under the "same-elements" or "*Blockburger*" test.[14]  A court applying this test focuses on the statutory elements of the offenses charged,[15] specifically, whether "each offense . . . contains[s] an element not contained in the other."[16]  If so, there is no double jeopardy violation.[17]  Wilson's federal conspiracy charges require proof of an element his state crimes do not: an unlawful agreement between two or more persons.[18]  Accordingly, Wilson is properly charged in federal court.[19]

## CONCLUSION

Wilson's double jeopardy argument has no basis in law.

Given the foregoing;

**IT IS ORDERED** that the Motion is **DENIED**.

---

[12] *See Heath v. Alabama*, 474 U.S. 82, 89 (1985) ("[T]he [Supreme] Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own inherent sovereignty, not from the Federal Government.") (internal quotation marks omitted).
[13] *See United States v. McKinney*, 53 F.3d 664, 676 (5th Cir. 1995).
[14] *United States v. Dixon*, 509 U.S. 688, 696 (1993).
[15] *United States v. Austin*, 660 F.3d 880, 887 (5th Cir. 2011).
[16] *United States v. Sharpe*, 193 F.3d 852, 863 (5th Cir. 1999).
[17] *Id.*
[18] *See United States v. Harris*, 740 F.3d 956, 962—63 (5th Cir. 2014).
[19] *Cf. Tovar*, 710 F.3d at 384 (rejecting double jeopardy claim where defendant was separately charged with a drug conspiracy and substantive offenses arising out of that conspiracy).

**New Orleans, Louisiana, this 11th day of November, 2014.**

                         _____
                                 **SUSIE MORGAN**
                    **UNITED STATES DISTRICT JUDGE**